THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 4:21-cv-00117-DN<br><br>District Judge David Nuffer |

Plaintiff Robert Andrew Mullins, an inmate at the Sanpete County Jail, filed a *pro se* Complaint.[1] Plaintiff was allowed to proceed *in forma pauperis*.[2]

Plaintiff filed nine motions seeking to add defendants, add jurisdictions, and requesting other forms of relief.[3] The Motion to Add Defendants[4] will be addressed below. The other eight motions will be dismissed as moot because this action will be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Docket no. 7, filed Dec. 21, 2021.

[2] Order, docket no. 6, filed Dec. 21, 2021.

[3] Motion for Relief to be Executed upon Admissions, docket no. 8, filed Dec. 21, 2021 (requesting all relief in Complaint be granted); Motion to Order U.S. Attorney General Act, docket no. 9, filed Dec. 21, 2021 (requesting an order for the U.S. Attorney General to investigate all records mentioned in Complaint and to cure all files "if it be true that fabricated and unlawful evidence" was used against Plaintiff); Request for Admissions from Defendants, docket no. 10, filed Dec. 21, 2021 (request that defendants admit to the allegations in the Complaint); Motion to Impute Status and Jurisdiction under 28 U.S.C. 1495, docket no. 11, filed Dec. 21, 2021 (requesting the court "to impute it having jurisdiction under 28 U.S.C. 1495" and enter a memorandum of understanding admitting allegations against defendants are true); Motion to Impute Status and Jurisdiction, docket no. 12, filed Dec. 21, 2021 (requesting "the court impute it having jurisdiction" and seeking an order to cure plaintiff's files); Motion to Add the Following Defendants, docket no. 15, filed Jan. 5, 2022 (seeking to add 20 additional defendants); Motion to Add Jurisdictions, docket no. 16, filed Jan. 5, 2022 (seeking to add seven additional "jurisdictions"); Motion to Add Jurisdiction for Attorney Fee 28 U.S.C. 2678, docket no. 17, filed Jan. 5, 2022; Motion to Add Jurisdiction Filed under 28 U.S.C. 2672, docket no. 18, filed Jan. 5, 2022.

[4] Docket no. 15, filed Jan. 5, 2022.

The Complaint names two defendants: the United States Immigration and Customs Enforcement Agency ("ICE"); and the United States Federal Bureau of Investigations ("FBI").[5]

Plaintiff asserts in his Complaint that on or about June 11, 2008, ICE and FBI agents, acting under Agent Stokes, collected a signed statement from an Inovar and Inthink employee ("Inovar employee") saying the Inovar employee downloaded child pornographic images and put ten of those images on "server Login Account under the name Bob Mullins."[6] The employee downloaded the images onto a CD and gave them to Agent Stokes.[7] US Agency Officials, still acting under the direction of Agent Stokes, then delivered the CD with the images to the National Center for Missing and Exploited Children.[8] Plaintiff alleges "[t]here were no child pornographic images on the computer used by 'Bob Mullins' nor any history of such on the computer search engines."[9] Plaintiff alleges "[a]ll child pornographic images in this investigation of sorts, were either downloaded or produced by [the Inovar employee], who then attributed them to fellow employee Bob Mullins."[10] In October 2009, federal agents arrived at Plaintiff's home "with a charging document listed [sic] 10 counts of sexual exploitation of a minor."[11] After interviewing Plaintiff, the federal agents transferred Plaintiff's case to Cache County prosecutors.[12] In December 2009, Plaintiff was charged with 10 counts of sexual exploitation of

---

[5] Complaint at 1.

[6] *Id*. at 2.

[7] *Id*. at 3.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 4.

[11] *Id*.

[12] *Id*.

a minor, and a year later, Plaintiff pleaded guilty to 3 counts of attempted sexual exploitation of a minor.[13]

Plaintiff further alleges that in March 2016, his appointed post-conviction relief attorney David Perry, discovered the exculpatory statement made by the Inovar employee, which statement was not provided during discovery of the underlying case.[14]

Plaintiff sets forth his claims as allegations that his constitutional rights were violated, specifically under the "Fourth Amendment Due Process Clause, Bill of Rights Amendments 5 and 6."[15]

Plaintiff details these claims by alleging that federal agents, acting under Agent Stokes, delivered fabricated evidence to the Cache County prosecuting attorney Spencer Walsh ("Walsh"), "acting in duplicity to commit a crime against [Plaintiff], by charging [Plaintiff] with 10 counts of sexual exploitation of a minor."[16] Plaintiff further alleges that Agent Stokes and Walsh's failure to produce the exculpatory letter signed by the Inovar employee caused Plaintiff to plead guilty to the 10 counts.[17]

Plaintiff requests numerous forms of relief, including: "cure all files . . . thus de-implicating [Plaintiff],"[18] "remove all files from Cache County Utah court records . . . that were

---

[13] *Id*. at 5.

[14] *Id*. at 5–6.

[15]  *Id*. at 6.

[16] *Id*.

[17] *Id*. at 7.

[18] *Id*. at 8.

fabricated, or unlawfully attributed to [Plaintiff],"[19] "U.S. Attorney General provide Plaintiff with a list of all conspirators in this case,"[20] and money damages.[21]

Given Plaintiff's assertion of violations of his constitutional rights, the Complaint is construed as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[22] In a *Bivens* action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.[23] Because Plaintiff also seeks to add state entities and state employees as defendants,[24] this action may also be construed as a civil rights action under 42 U.S.C. § 1983 ("§ 1983).[25]

The Complaint, screened under the statutory review function,[26] is dismissed for failure to state a claim upon which relief may be granted.

---

[19] *Id*.

[20] *Id*. at 9.

[21] *Id*. at 8–9.

[22] 403 U.S. 388 (1971).

[23] *See* Bivens, 403 U.S. at 389; *see also* Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009) (stating *Bivens* actions are "federal analog" to § 1983 actions).

[24] Docket no. 15, filed Jan. 5, 2022.

[25] *See* 42 U.S.C. § 1983; *see also* Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1143 (10th Cir. 2014) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).

[26] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (2021).

## ANALYSIS

### I. Standard for Sufficiency of a Complaint

When deciding whether a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff.[27] Dismissal is fitting when, viewing those facts as true, a court sees that the plaintiff has not posed a "plausible" right to relief.[28] The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[29] When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth.[30] In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[31]

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[32] The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid

---

[27] Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

[28] *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*;* Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[29] Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556).

[30] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009) (quoting Twombly, 550 U.S. at 554-55).

[31] Red Hawk, 493 F.3d at 1177 (italics in original).

[32] Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).

claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[33] Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant."[34] Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[35]

## II. Any *Bivens* or § 1983 Claims are Barred by the Four-Year Limitations Period.

Plaintiff's *Bivens* and § 1983 claims would be barred by the four-year statute of limitations found in Utah Code section 78B-2-307(3) (2021). *Bivens* and § 1983 actions are governed by the statute of limitations generally applicable to personal-injury actions in the state where the claims arose.[36] Because Plaintiff's action arose in Utah, the four-year statute of limitations for personal injury in § 78B-2-307(3) applies to bar any *Bivens* or § 1983 causes of action.[37]

The issue of when a federal cause of action accrues is controlled by federal law.[38] "The statute of limitations begins to run when the plaintiff knows or has reason to know of the

---

[33] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[34] Id.; *see also* Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

[35] Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall, 935 F.2d at 1110 (additional quotation marks omitted)).

[36] Indus. Constructors Corp. v. U. S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).

[37] Van Tu v. Koster, 364 F.3d 1196, 1199 (10th Cir. 2004).

[38] Indus. Constructors Corp., 15 F.3d at 968-69.

6

existence and cause of the injury which is the basis of his action."[39] A plaintiff has "reason to know" of his injury when he should have discovered the existence and cause of his injury through the exercise of reasonable diligence.[40] "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."[41] Plaintiff's claims as to Agent Stokes's actions--around June 11, 2008 to December 2009—and discovered by his post-conviction lawyer in 2016, clearly accrued long before the four years immediately preceding this action's filing in 2021.[42] Thus, any *Bivens* or § 1983 claims are barred as untimely.[43]

### III. Defendants are Either Not Proper in a *Bivens* or § 1983 Action or Affirmative Links Between Defendants and Claims are Not Present

Because "*Bivens* claims cannot be asserted directly against . . . federal agencies,"[44] the original defendants, ICE and the FBI, are easily dismissed from this action.

Additionally, a *Bivens* action does not allow recovery against private entities,[45] which is another reason to dismiss InThink Inc., Independent Witness Inc., aka IWI, and Inovar Inc.

In Plaintiff's Motion to Add Defendants, Plaintiff seeks to add twenty additional defendants. The complaint must clearly state what each individual defendant did to violate

---

[39] Id. at 969 (citing United States v. Kubrick, 444 U.S. 111, 121 (1979)).

[40] Id. (citing Ohio v. Peterson, Lowry, Rall, Barber & Ross, 651 F.2d 687, 692 (10th Cir. 1981)).

[41] *Id.*

[42] Complaint at 2–5.

[43] Plaintiff asserts the exculpatory letter by the Inovar employee was found by his post-conviction relief attorney, David Perry, in March 2016. Complaint at 5. Even if Plaintiff were arguing that he somehow did not know about his own alleged innocence back in 2008 to 2009, and that March 2016 should be the date when his knowledge of his injury started the statutory clock, his filing in December 2021 is still over a year too late.

[44] Smith v. United States, 561 F.3d 1090, 1093 (10th Cir. 2009).

[45] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

Plaintiff's civil rights.[46] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[47] Plaintiff's Motion to Add Defendants does not include any allegations regarding what these new defendants did to Plaintiff. Some of the proposed new defendants are not even named in the Complaint and therefore will not be added. This list includes: InThink Inc.; Independent Witness Inc., aka IWI; CFO of InThink Inc.; Karsten Sorensen, Supervisor at InThink Inc.; Jessica Keller, Human Resources Manager at InThink Inc.; and Attorney James Swink.

Plaintiff seeks to also add unnamed defendants, specifically FBI Agent Does 1-3 and ICE Agent Does 1-3. Such unnamed defendants will not be added to the Complaint because the Complaint fails to clearly state what each doe defendant did to violate Plaintiff's civil rights.

The remaining defendants Plaintiff seeks to add include state and municipal entities, state employees, a private employee, and a federal employee. "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish not only the deprivation of a right secured by the Constitution or laws of the United States, but also a deprivation committed under color of state law."[48] Plaintiff's Complaint is devoid of allegations asserting: (1) what the Utah Attorney General did to violate Plaintiff's rights; or (2) that the Utah Attorney General acted under color of state law. The Utah Attorney General will not be added. Plaintiff seeks to add Attorney Spencer D. Walsh. The only mention in the Complaint of Attorney Walsh is this statement: "In

---

[46] *See* Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation).

[47] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[48] Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1143 (10th Cir. 2014) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).

December 2009, Cache County Utah prosecuting Attorney Spencer Walsh filed a charging document against [Plaintiff]."[49] Plaintiff has not alleged what Attorney Walsh did to deprive him of his constitutional rights. Attorney Walsh will not be added as a defendant.

Plaintiff seeks to add the State of Utah and Cache County as defendants, but neither are proper defendants for a § 1983 action.[50]

Plaintiff seeks to add Tom Sunderland, the IT Manager at Inovar. Mr. Sunderland is a private actor, and "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[51] "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[52] Plaintiff makes no allegations that Mr. Sunderland's actions should be considered state action, so Mr. Sunderland will not be added as a defendant.

Finally, Plaintiff seeks to add Agent Stokes as a defendant. Plaintiff alleges that U.S. Agency Officials acted under the direction of Agent Stokes when they collected Plaintiff's office computer, downloaded the child pornographic images off Plaintiff's account, and delivered the

---

[49] Complaint at 5.

[50] 42 U.S.C. § 1983; *see also Forsythe v. State*, No. 96 C 1151, 1996 WL 111933, at *2 (N.D. Ill. Mar. 12, 1996) ("[Plaintiff] does not have a potential Section 1983 defendant within his sights--the State of [Utah] cannot be sued under that statute at all, and [Cache] County is not a proper Section 1983 defendant because respondeat superior principles do not apply to create liability under that statute.")

[51] Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1143 (10th Cir. 2014) (citation omitted).

[52] *Id.* (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001)).

images to the NCMEC.[53] But Plaintiff may not name a defendant solely based on supervisory status,[54] so Agent Stokes will not be added as a defendant.

Plaintiff's Motion to Add Defendants is denied, and Plaintiff's Complaint becomes devoid of defendants. However, even if a single defendant could be added, this would not cure the untimeliness of Plaintiff's Complaint nor the other deficiencies in his Complaint.

**IV. Also Alternatively, Plaintiff's Claims for Damages are Blocked by *Heck v. Humphrey*.**

The Supreme Court said in *Heck v. Humphrey* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."[55] *Heck* keeps litigants "from using a § 1983 [or *Bivens*] action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."[56] *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[57]

Plaintiff argues that Defendant violated his constitutional rights during state criminal proceedings. These arguments attack Plaintiff's underlying conviction. *Heck* requires that, when a plaintiff requests damages in a *Bivens* suit, this Court must decide whether judgment in the

---

[53] Complaint at 3

[54] *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating "defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation").

[55] *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see Crow v. Penry*, 102 F.3d 1086, 1087 (1996) (per curiam) (stating "*Heck* applies to *Bivens* actions").

[56] *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

[57] 512 U.S. at 486.

plaintiff's favor would unavoidably imply that the conviction or sentence is invalid.[58] Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in the prejudicial manner alleged by Plaintiff--that a federal agent conspired to plant evidence and use it to gain Plaintiff's conviction--this court would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[59] Instead, the opposite has happened; Plaintiff concedes that he "accepted a plea agreement"[60] and "has been imprisoned for more than eleven years in the Utah State Prison or its affiliates."[61] ended up signing a plea agreement on the said charges, and ha[s] been incarcerated for more than 10 years currently, still serving time in the Utah State Prison." Plaintiff's claims for money damages must therefore be dismissed.

### V. Some of Plaintiff's Requested Remedies are Habeas Oriented.

Plaintiff's requests--to remove allegedly fabricated and unlawful evidence from his state criminal case;[62] and to cure all files associated with Plaintiff's criminal case[63]--are the kinds of requests that could be granted only based upon a valid habeas-corpus petition asking that Plaintiff's criminal conviction be overturned.[64] Such requests are inappropriate in this action.

---

[58] *Id.* at 487.

[59] *Id.*

[60] Complaint at 5.

[61] *Id.* at 7.

[62] *Id.* at 8.

[63] *Id.*

[64] *See* 28 U.S.C. § 2254 (2021).

## VI. Additional Motions Denied as Moot.

Plaintiff's other pending eight motions[65] are all denied as moot. None of the motions remedy the deficiencies of Plaintiff's Complaint, which is dismissed with prejudice for failure to state a claim upon which relief may be granted.

## ORDER

**IT IS ORDERED** that:

(1) Plaintiff's Motion for Relief to be Executed upon Admissions[66] is DENIED as moot.

(2) Plaintiff's Motion to Order U.S. Attorney General Act[67] is DENIED as moot.

(3) Plaintiff's Request for Admissions from Defendants[68] is DENIED as moot.

(4) Plaintiff's Motion to Impute Status and Jurisdiction under 28 U.S.C. 1495[69] is DENIED as moot.

---

[65] Motion for Relief to be Executed upon Admissions, docket no. 8, filed Dec. 21, 2021 (requesting all relief in Complaint be granted); Motion to Order U.S. Attorney General Act, docket no. 9, filed Dec. 21, 2021 (requesting an order for the U.S. Attorney General to investigate all records mentioned in Complaint and to cure all files "if it be true that fabricated and unlawful evidence" was used against Plaintiff); Request for Admissions from Defendants, docket no. 10, filed Dec. 21, 2021 (request that defendants admit to the allegations in the Complaint); Motion to Impute Status and Jurisdiction under 28 U.S.C. 1495, docket no. 11, filed Dec. 21, 2021 (requesting the court "to impute it having jurisdiction under 28 U.S.C. 1495" and enter a memorandum of understanding admitting allegations against defendants are true); Motion to Impute Status and Jurisdiction, docket no. 12, filed Dec. 21, 2021 (requesting "the court impute it having jurisdiction" and seeking an order to cure plaintiff's files); Motion to Add the Following Defendants, docket no. 15, filed Jan. 5, 2022 (seeking to add 20 additional defendants); Motion to Add Jurisdictions, docket no. 16, filed Jan. 5, 2022 (seeking to add seven additional "jurisdictions"); Motion to Add Jurisdiction for Attorney Fee 28 U.S.C. 2678, docket no. 17, filed Jan. 5, 2022; Motion to Add Jurisdiction Filed under 28 U.S.C. 2672, docket no. 18, filed Jan. 5, 2022.

[66] Docket no. 8, filed Dec. 21, 2021.

[67] Docket no. 9, filed Dec. 21, 2021.

[68] Docket no. 10, filed Dec. 21, 2021.

[69] Docket no. 11, filed Dec. 21, 2021.

(5) Plaintiff's Motion to Impute Status and Jurisdiction[70] is DENIED as moot.(6) Plaintiff's Motion to Add the Following Defendants[71] is DENIED.

(7) Plaintiff's Motion to Add Jurisdictions[72] is DENIED as moot.

(8) Plaintiff's Motion to Add Jurisdiction for Attorney Fee 28 U.S.C. 2678[73] is DENIED as moot.

(9) Plaintiff's Motion to Add Jurisdiction Filed under 28 U.S.C. 2672[74] is DENIED as moot.

(10) Plaintiff's Complaint[75] is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted.

The clerk is directed to close the action.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
Judge David Nuffer
United States District Court

---

[70] Docket no. 12, filed Dec. 21, 2021.
[71] Docket no. 15, filed Jan. 5, 2022.
[72] Docket no. 16, filed Jan. 5, 2022.
[73] Docket no. 17, filed Jan. 5, 2022.
[74] Docket no. 18, filed Jan. 5, 2022.
[75] Docket no. 7, filed Dec. 21, 2021.